EGGLER, plaintiff in error, v. PEOPLE.

*Criminal law — new trial on the merits — verdict — opinions of witnesses — provocation.*

A new trial cannot be granted in a criminal case in this State on the merits by an appellate court, except in certain cases where the power to do so is conferred by statute. *People* v. *Thompson,* 41 N. Y. 1. If there was evidence sufficient to submit the question of the prisoner's guilt to the jury, their verdict, upon the evidence, is not open to review upon the merits.

Where, upon a trial for murder, no question was made which could render it material whether the deceased died of a wound in the heart, or of another, in a different place, inflicted by the prisoner at the same time and with the same weapon: *Held,* that it was not erroneous to allow the physician who made the *post-mortem* examination to give his opinion that the wound in the heart caused the death. *Real* v. *People,* 55 Barb. 552. If it was error it would furnish no ground for a reversal of the judgment. *People* v. *Gonzales,* 35 N. Y. 49 ; *People* v. *White,* 55 Barb. 606; *Shorter* v. *People,* 2 N. Y. 193.

The provocation under which the prisoner acted must be judged of by the *res gestæ;* and, as a general rule, the evidence must be confined to the facts and circumstances attending the transaction.

Even if it be competent to permit the former school teacher of the person killed to state the facts in respect to her conduct while at school, it is not error to exclude his *opinion* as to her violent and aggressive temper.

ERROR to the Cayuga oyer and terminer to review the trial of Charles Eggler convicted of murder in the first degree for killing Etta Conklin in Locke in said county.

*E. D. Jackson* and *M. Goodrich,* for plaintiff in error.

*S. E. Payne,* district attorney, for the people.

MORGAN, J.

The points passed upon in the opinion are stated in the head-note, and a publication of the opinion at length is not believed necessary.